WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ray C. Pitre,<br><br>    Plaintiff,<br><br>vs.<br><br>BANA CWB CIG HFI 1st liens; BAC Home Loan Servicing LP; Bank of America, N.A. ; Executive Trustee Services, LLC; MERSCORP Incorporated; Mortgage Electronic Registration Systems Incorporated,<br><br>    Defendants. | No. CV 11-00821-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Dismiss the Amended Complaint (Doc. 13). Plaintiff has filed a Response (Doc. 15) and Defendants have filed a Reply in Support of their Motion to Dismiss (Doc. 16). The Court now rules on the Motion.

**I.    BACKGROUND**

On or about May 22, 2006, Plaintiff obtained a loan for $144,800.00 from MILA, Inc., DBA Mortgage Investment Lending Associates, Inc. ("Mila"). (Doc. 13, Ex. 1).[1] The loan

---

[1] The Court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Because the exhibits to Plaintiff's Amended Complaint and Defendants' Motion to Dismiss are public records, the Court may properly take judicial

was secured by a Deed of Trust on the real property located at 1827 East Chipman Road, Phoenix, Arizona 85040 (the "Property"). (*Id.*). MERS, as nominee for MILA, was named the beneficiary under the Deed of Trust. (*Id.*). The original Trustee was Fidelity National Title. (*Id.*). On November 21, 2007, a Notice of Substitution of Trustee was recorded, in which Executive Trustee Services, LLC was appointed as the successor Trustee under the Deed of Trust. (Doc. 11, Exhibit A-4).

MERS, as nominee for MILA, assigned the Deed of Trust to Executive Trustee Services, LLC. On the same day, Executive Trustee Services, LLC recorded a Notice of Trustee's Sale of the Property. (*Id.*). The trustee's sale of the Property was originally scheduled for February 28, 2008. (*Id.*).[2]

Plaintiff acknowledges that his loan payments were not current at the time the power of sale provisions in the Deed of Trust were invoked by the beneficiary under the Deed of Trust.

On April 22, 2011, Plaintiff filed a Complaint in this Court. (Doc. 1). The Complaint contained a request for "injunctive relief." On April 25, 2011, the Court entered an Order informing Plaintiff that the Court would take no action on the request unless Plaintiff filed a Motion for Temporary Restraining Order or Motion for Preliminary Injunction consistent with Federal Rule of Civil Procedure 65. (Doc. 6). As of the date of this Order, Plaintiff has not filed a Rule 65 Motion for Temporary Restraining Order or Motion for Preliminary Injunction. On June 27, 2011, Defendants filed a Motion to Dismiss the Complaint (Doc. 10). On July 14, 2011, without requesting leave of the Court, Plaintiff filed an Amended Complaint (Doc. 11). On July 29, 2011, Defendants filed a Second Motion to Dismiss, which is the subject of this Order.

---

notice of the undisputable facts contained in these documents. *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

[2] There were several postponements to the sale and as of July 29, 2011, the trustee's sale had not yet occurred. (Doc. 13 at 3).

## II. LEGAL STANDARD

Defendants have moved to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8. Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id.*

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than blanket assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Because Plaintiff is proceeding *pro se*, the Court must construe his Amended Complaint liberally, even when evaluating it under the *Iqbal* standard. *Johnson v. Lucent Technologies Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011).

When a Plaintiff makes allegations of fraud, he must meet the requirements of Federal Rules of Civil Procedure 9(b). "Rule 9(b) requires a party to state with particularity the circumstances constituting fraud or mistake, including the who, what, when, where, and how of the misconduct charged. In addition, the plaintiff must set forth what is false or misleading about a statement, and why it is false." *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (internal citations and quotations omitted). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . .and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir.2007) (internal citation omitted).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in a complaint in the light most favorable to the drafter of the complaint, and the Court must accept all well-pleaded factual allegations as true. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation, *Papasan*, 478 U.S. at 286, or an allegation that contradicts facts that may be judicially noticed by the Court, *Shwarz*, 234 F.3d at 435.

### III. ANALYSIS

Defendants move to dismiss the Amended Complaint because Plaintiff has failed to meet the pleading requirements of Federal Rules of Civil Procedure 8 and 9(b) and failed to state a claim upon which relief can be granted.

#### A. Failure to Provide a Short, Plain Statement of the Claim as Required by Rule 8.

As an initial matter, the Court finds the Amended Complaint fails to meet the pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). Rule 8 requires each allegation of a complaint to be "simple, concise, and direct." FED.R.CIV.P. 8(d)(1).

This requirement "applies to good claims as well as bad, and is the basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *Id.* at 1180. "Prolix, confusing complaints . . . impose unfair burdens on litigants and judges." *Id.* at 1179. Here, the Amended Complaint fails to meet the Rule 8 pleading requirements.

The Amended Complaint is filled with speculative legal conclusions, repetitive arguments, and contradictory factual allegations. The Amended Complaint does not contain a short and plain statement of each claim showing that Plaintiff is entitled to relief and the Amended Complaint lacks the simple, concise and direct allegations required by Rule 8. The Amended Complaint also fails to meet the heightened pleading standard for fraud pursuant to Rule 9(b). However, because Plaintiff is proceeding *pro se*, the Court will evaluate the substance of his claims despite his failure to meet the requirements of Rules 8 and 9(b).

### B. Failure to State a Claim Upon Which Relief Can be Granted as Required by Rule 12(b)(6)

The Court agrees with Defendants that Plaintiff has failed to state a claim upon which relief can be granted. The Amended Complaint consists of claims and arguments that have repeatedly been considered and rejected by courts in the District of Arizona.

Although Plaintiff lists his causes of action as: estoppel/declaratory judgment, quiet title, accounting, and refund of fees and costs and alleges various conclusory legal violations within these causes, Plaintiff's claims all seem to arise from the same alleged fraudulent behavior by Defendants. Accordingly, the Court will first focus on the alleged fraudulent behavior to determine whether Plaintiff has stated a claim upon which relief can be granted.

#### 1. Fraud and Civil Conspiracy

Plaintiff alleges that Defendants committed fraud and were engaged in a conspiracy to commit fraud. He claims that the signing of the Notice of Substitution of Trustee was fraudulent because Cindy Sandoval, who is not named as a defendant in this action, did not

have the authority to sign the Notice of Substitution on behalf of MERS and on behalf of Executive Trustee Services, Inc. Plaintiff asserts that Ms. Sandoval's signing of this document is "fraudulent robosigning" and "a conflict of interest." Plaintiff asserts that this signing indicates that MERS and Executive Trustee "committed fraud in the transfer of [Plaintiff's] loan." Plaintiff bases these assertions on the allegation that MERS cannot "be the nominee of an entity that doesn't exist [and] can't assign something it doesn't have [because] MERS doesn't own the underlying notes or mortgage."

"To show fraud, a plaintiff must identify (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the right to rely on it; [and] (9) his consequent and proximate injury." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). Further, "[u]nder Arizona law, a claim of civil conspiracy must be based on an underlying tort, such as fraud in this instance." *Id.*

Plaintiff has failed to allege several of the necessary elements of a fraud claim. Plaintiff has not identified any representations made to him about the MERS system or its role in his home loan that was false and material. He does not allege that he was misinformed about MERS's role as a beneficiary, or the possibility that his loan would be resold and tracked through the MERS systems. Nor has he alleged that he relied on any misrepresentations about MERS in deciding to enter into his home loan or that he would not have entered into the home loan if he had more information about how MERS worked. Further, Plaintiff has failed to show that the designation of MERS as a beneficiary caused him any injury.

Although Plaintiff asserts that he was denied the right to pay or modify his loan because the true identity of the actual owner of his note was hidden from him, he makes no factual allegations to support this conclusory assertion. Nor does he provide "any explanation as to how the operation of the MERS system actually stymied [his] efforts to identify and contact the relevant party to modify [his] loan[]." *Cervantes v. Countrywide*

*Home Loans, Inc.*, 656 F.3d 1034, 1042 (9th Cir. 2011). Moreover, Plaintiff specifically agreed to and was on notice that MERS held legal title to the secured interests in the Property, as MERS is named as the beneficiary on the Deed of Trust on the Property. *See id.* ("By signing the deeds of trust, the plaintiffs agreed to the terms and were on notice of the contents.").[3]

Further, to the extent Plaintiff relies on Cindy Sandoval's signature as a representative of MERS and as representative of Executive Trustee Services, LLC on the Notice of Substitution of Trustee to prove that "this is a conflict of interest and it is fraudulent," Plaintiff fails to allege how this is fraudulent, or, how he sustained an injury which can be attributed to such fraudulent behavior. It is unclear in Plaintiff's Amended Complaint how Ms. Sandoval's signature on the Notice of Substitution of Trustee prevented him from making his loan payments or discovering the true identity of the actual owner of his note.

---

[3] Although strewn throughout the Amended Complaint, it also appears that Plaintiff makes allegations relating to the "show me the note" theory. Plaintiff alleges that the sale of the Property violates Arizona Revised Statutes Section 33-807 because "there is no competent valid proof that there was a 'breach or default in performance of the contract or contracts, for which the trust property is conveyed as security, or a breach or default of the trust deed.'" (Doc. 11 at 8). The Arizona statutes governing the sale of foreclosed property through trustee's sale do not specifically require that the foreclosing party produce a physical copy of the original promissary note. Accordingly, the courts within the District of Arizona have routinely rejected the "show me the note" theory and related arguments. *See Diessner v. Mortgage Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1187–88 (D. Ariz. 2009); *Mansour v. Cal–Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009). Given that Plaintiff has offered no contrary authority and has expressly consented to the non-judicial foreclosure in the Deed of Trust, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted on the "show me the note" theory. Plaintiff also alleges violations of the Uniform Commercial Code to bolster his "show me the note" argument. (Doc. 11 at 28). However, this Court has previously held that "a deed of trust is not an 'instrument' under the Arizona Uniform Commercial Code—Negotiable Instruments." *Kentera v. Fremont Inv. & Loan*, No. CV-10-8259-PCT-GMS, 2011 WL 4005411, at *5 (D. Ariz. Sept. 8, 2011) (internal quotations and citations omitted). Accordingly, Plaintiff cannot maintain a claim under the Uniform Commercial Code because he seeks to have the sale declared void pursuant to the trustee's power of sale and not in connection with an action to enforce the note. *See id.*

1  Accordingly, Plaintiff has failed to state a claim for fraud[4] or civil conspiracy[5] upon which
2  relief can be granted.

### 2. Miscellaneous Claims

Plaintiff argues throughout his Amended Complaint that Defendants lack standing to foreclose the note. Standing applies to judicial proceedings and is inapplicable to non-judicial foreclosures. As discussed above, Plaintiff has not sufficiently pled that Defendants did not have the authority to foreclose on the Property. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted based on Defendants' lack of authority to foreclose on the Property. Further, although Plaintiff inserts a claim entitled "improperly charged fees," wherein he claims he is being overcharged finance charge late fees, this claim seems to be premised on the assertion that Bank of America "cannot prove standing" that they own the loan. (Doc. 11 at 31). As discussed above, Plaintiff has not properly pled that Bank of America lacks authority to collect on the note. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted with regard to "improperly charged fees."

Further, Plaintiff bases his claim for quiet title on the Defendants' lack of standing, the "show me the note" theory, the "robosigning" theory, and the theory that MERS cannot be a proper beneficiary under a deed of trust. Because the Court has found that Plaintiff has failed to state a claim upon which relief can be granted on any of these theories, Plaintiff cannot support his claim for quiet title.

Plaintiff also alleges that he is entitled to a full accounting of the transfers of his

---

[4] In one section of his Amended Complaint, it appears that Plaintiff alleges fraud through concealment or omission. *See* Doc. 11 at 14-15. However, these allegations are so vague, it is unclear who omitted material information from Plaintiff or what material information was omitted. Accordingly, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted based on fraud through concealment or omission.

[5] Further, Plaintiff alleges that his mortgage was backed by investors in securities without his knowledge. Plaintiff again fails to allege how the practice of securitizing mortgages prevented him from making his loan payments, or discovering the true identity of the actual owner of his note.

promissory note. (Doc. 11 at 39). He admits that Bank of America has provided him with some information, but alleges he is entitled to an accounting of "prior payments being allocated and transmitted properly to the Creditor or whether third parties made some payments either with or without right of subrogation." (*Id.*). Under Arizona Revised Statutes Section 33-813, Plaintiff is entitled to a "good faith estimate of the sums which appear necessary to reinstate the trust deed . . ." However, Plaintiff does not allege and it does not appear that this is the type of accounting he is seeking. "Under Arizona law, there is no statutory requirement that the trustor be supplied with a *complete* accounting." *See Frame v. Cal-Western Reconveyance Corp.*, No CV-11-0201-PHX-JAT, 2011 WL 3876012, at *8 (D. Ariz. Sept. 2, 2011) (internal quotation and citation omitted) (emphasis added). Because Plaintiff has not cited to an authority that requires the type of accounting he is seeking, Plaintiff has failed to properly plead his entitlement to an accounting. *See id.*

Plaintiff next asserts that he is entitled to a refund of fees and costs because Defendants have allegedly violated Federal Rule of Civil Procedure 11 by representing to the Court that they possess the authority to foreclose on the property. This is not an appropriate method of presenting a Rule 11 objection and the Court can ascertain no basis for a Rule 11 sanction from the facts alleged in the Amended Complaint. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted for fees and costs.

Finally, Plaintiff devotes several pages of his Amended Complaint and nearly all of his Response to the Motion to Dismiss to Mila's wrongdoing. However, Mila is not a named Defendant in this action and the Court declines to address the allegations against it.[6]

Based on the foregoing, the Court finds that Plaintiff has failed to sufficiently plead any underlying cause of action that would entitle him to declaratory or injunctive relief.

### IV. LEAVE TO AMEND

Plaintiff has requested leave to amend and asserts that his Amended Complaint will

---

[6] These claims include Mila's alleged violations of the Fair Credit Reporting Act, fraudulent concealment, and various securities violations (Doc. 11 at 14, 19).

include an allegation that "Plaintiff has discovered that not only was the deed of trust notarized a day after she [sic] signed the document, but also that the notary was never present when I signed the deed of trust, thus invalidating the security interest." (Doc. 15 at 2). Defendants argue that even if Plaintiff's argument has merit,[7] he has failed to state a cause of action because he admits to signing the document, and thus could have incurred no damages by signing without the presence of a notary. The Court agrees that Plaintiff's new proposed allegation fails to state a claim upon which relief can be granted. Further, Plaintiff has already amended his Complaint once, without leave of the Court, and with the benefit of the arguments in Defendants' First Motion to Dismiss.

The Ninth Circuit has instructed district courts to grant leave to amend when dismissing a case for failure to state a claim, "unless the court determines that the pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Because Plaintiff's claims depend on legal theories that have repeatedly been rejected by the District Court of Arizona and in light of the foregoing analysis, the Court finds that Plaintiff's Amended Complaint could not be cured by allegations of other facts and, thus, allowing Plaintiff to amend would be futile. Accordingly, the Court will not grant Plaintiff leave to amend.

**V.      SIMILARLY SITUATED DEFENDANTS**

It appears that the only Defendant properly served in this case was BAC Home Loan Servicing, LP. Nonetheless, all Defendants, except Executive Trustee Services, Inc., have joined in the Motion to Dismiss. Although Executive Trustee Services, Inc. has not yet responded to Plaintiff's Amended Complaint, dismissal against all Defendants is appropriate, where, as here, the non-responding Defendants are in a position similar to the moving Defendants. *See Abagninin v. AMVAC Chem. Corp.,* 545 F.3d 733, 743 (9th Cir. 2008) ("A

---

[7] Defendants argue that this argument is meritless because the notarial certificate is dated the same day as the document.

1 [d]istrict [c]ourt may properly, on its own motion, dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants.") (internal citations omitted).  Plaintiff has not specified which Defendant each of his claims are against, so the Court has necessarily examined all of Plaintiff's claims above.[8]  Accordingly, because the Court finds that Plaintiff has failed to state a claim upon which relief can be granted as to any of his claims, the Court shall dismiss Plaintiff's claims against all Defendants.

**VI.     CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** granting Defendants' Motion to Dismiss (Doc. 13) with Prejudice. The Clerk of the Court shall enter judgment accordingly.

DATED this 12th day of December, 2011.

*[signature]*
James A. Teilborg
United States District Judge

---

[8] As noted above, the Court has not examined any of Plaintiff's allegations regarding Mila's violations.